United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JUN 12 A 10: 44

| | |
|---|---|
| Jorge Luis Martinez-Melchor;<br><br>Petitioner;<br><br>vs.<br><br>United States of America; and Matthew B. Hamidullah, Warden;<br><br>Respondents. | C/A No. 9:06-1723-CMC-GCK<br><br>**Report and Recommendation** |

The Petitioner, Jorge Luis Martinez-Melchor (hereafter, the "Petitioner"), a federal prisoner proceeding *pro se*, seeks *habeas corpus* relief pursuant to Title 28, United States Code, Section 2241. Under 28 U.S.C.§ 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is incarcerated at FCI-Estill, in Estill, South Carolina. He entered a guilty plea to a single count of violating 8 U.S.C. § 1326 (Reentry of a Removed Alien) before the U.S. District Court for the Western District of Texas in January 2004.[1] See United States v. Martinez-Melchor, 1:03-cr-0298-SS (W.D. Texas 2003). He was sentenced to 63 months imprisonment. The United States Court of Appeals for the Fifth Circuit denied his appeal on January 5, 2006. See United States v. Martinez-Melchor, 161 Fed. Appx. 401 (5th Cir. 2006).

---

[1] – Docket records of Petitioner's criminal prosecution are accessible at the website maintained by the Western District of Texas through the Public Access to Court Electronic Records (PACER) system. See <https://ecf.txwd.uscourts.gov>.

1

Petitioner claims that he filed a § 2255 motion that was denied on May 4, 2006. This Court can find no evidence that such a motion was filed in the sentencing court. He has filed a § 2241 challenging his sentence.

### *Pro Se* PETITION

Petitioner is a *pro se* petitioner and, therefore, his pleadings are accorded liberal construction. Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519; Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct Petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



By definition, the relief which the Petitioner seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(b)(3); and a careful review has been made of the *pro se* petition pursuant to this standard and the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v.

Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)

### RELIEF UNAVAILABLE UNDER 28 U.S.C. § 2241

Petitioner has misapprehended the nature of relief under 28 U.S.C. § 2241. Since the passage of 28 U.S.C. § 2255, resort to § 2241 has been allowed only in limited situations such as actions: challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-170 (9th Cir. 1990); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary proceedings, United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-130 (7th Cir. 1991). The Petitioner does not offer any such arguments for the relief which he seeks. He has demonstrated no reason for this Court to entertain the present petition under 28 U.S.C. § 2241. Instead, he should file a § 2255 motion in the sentencing court.

### RECOMMENDATION

In light of the foregoing, it is recommended that the within Petition for relief under 28 U.S.C. § 2241 be dismissed without prejudice and without issuance and service of process. Petitioner's attention is directed to the important notice on the following page.

_____
George C. Kosko
United States Magistrate Judge

June 12, 2006
Charleston, South Carolina

3

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("Petitioner's objections lacked the specificity to trigger *de novo* review"). **This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court**

4

Post Box 835
Charleston, South Carolina 29402